UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN A. MAY, as Personal Representative
of the Estate of RONNIE CRENSHAW,

      Plaintiff,

v.

                                                         Case No. 05-CV-73332-DT

CALIBER AUTO TRANSFER OF OHIO,
INC., and CALIBER AUTO TRANSFER       Honorable Patrick J. Duggan
OF DETROIT, INC.,

      Defendants.
_____/

## OPINION

On January 31, 2006, Plaintiff filed a first amended complaint against the named Defendants. It is undisputed that Caliber Auto Transfer of Detroit, Inc. (hereafter CAT-Detroit) was the employer of Ronnie Crenshaw.

Ronnie Crenshaw ("Crenshaw") was employed by CAT-Detroit as a "car shuttler" at the Ford Motor Michigan Truck Plant in Wayne, Michigan. Crenshaw's job as a car shuttler required him to drive and park cars within the Ford Motor plant as needed and directed by his employer. As part of his job, Crenshaw was required to be picked up after he parked each vehicle and driven by a fellow employee in an Econoline Van that was provided by his employer. Plaintiff alleges that the Econoline Vans used to transport the car shuttlers were modified to permit car shuttlers to ride on a newly attached platform and in fact, "Defendant intended that the car shuttlers would ride on the newly attached

platforms." *See* Am. Compl. ¶ 16.

Crenshaw was fatally injured on September 11, 2002, when he fell off the subject platform while he was using the platform for its intended purposes. *See* Am. Compl. ¶ 18. The personal representative of Crenshaw's estate subsequently filed this lawsuit, alleging Negligence (Count I), Breach of Warranty (Count II), and "Liability of Employer" (Count III). Presently before the Court is CAT- Detroit's motion to dismiss and/or for summary judgment.

CAT-Detroit contends that Plaintiff's exclusive remedy for damages or loss suffered as a result of Crenshaw's death is pursuant to Michigan's Worker's Disability Compensation Act, MICH. COMP. LAWS ANN. § 418.131. CAT-Detroit acknowledges that the Worker's Disability Compensation Act contains an exception to its exclusive remedy provision if the injury was the result of an "intentional tort." MICH. COMP. LAWS ANN. § 418.131(1). Section 418.131(1) provides, in part:

> An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to incur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law.

Plaintiff's claims of negligence (Count I) and breach of warranty (Count II) must be dismissed pursuant to Federal Rule of Civil Procedure (12)(b)(6) for failure to state a claim upon which relief can be granted. Neither cause of action alleges an intentional tort as defined by Section 418.131. Therefore, Defendant's motion to dismiss Counts I and II

2

shall be granted.

With respect to Plaintiff's claim of "Liability of Employer" (Count III), Plaintiff alleges that as a result of modifications, "it was certain, sure and inevitable, that an injury such as that which befell Decedent would occur when Defendant Caliber Auto Transfer of Detroit, Inc.'s employees/shuttlers rode on the makeshift platform attached to the Econoline Vans . . ." and that CAT-Detroit "had actual knowledge that it was certain, sure and inevitable that an injury such as that which befell Decedent would occur . . . when employees/shuttlers rode on the makeshift platform attached to the Econoline Vans . . ." *See* Am. Compl. ¶¶ 38 & 39. Plaintiff alleges that CAT-Detroit's "managers and supervisors have admitted to state investigatory agencies that although the practice of having shuttlers ride on the subject ramp was sure to result in a serious accident as that which befell Decedent, such practice was never prohibited or prevented, but was in fact expected and encouraged." *See* Am. Compl. ¶ 39b. Plaintiff further alleges that notwithstanding the fact that CAT-Detroit "had actual knowledge that an injury was certain to occur as described above, . . . [it] willfully disregarded said knowledge and facilitated, allowed and encouraged its shuttlers to ride on the outside ramp affixed to the back of the Econoline van." *See* Am. Compl. ¶ 40.

CAT-Detroit moves to dismiss Count III of Plaintiff's first amended complaint pursuant to Rule 12(b)(6) or Rule 56(c) of the Federal Rules of Civil Procedure. To the extent that CAT-Detroit's motion is brought pursuant to 12(b)(6), such motion shall be denied. In a Rule 12(b)(6) motion, the allegations of the complaint are assumed to be true

and the complaint is liberally construed in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citations omitted). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). Viewing the allegations in Plaintiff's first amended complaint with respect to Count III as true, this Court cannot say that it is beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Therefore, Defendant's motion to dismiss pursuant to Rule 12(b)(6) shall be denied.

Defendant's motion for summary judgment pursuant to Rule 56 requires a different standard of review. Pursuant to Rule 56, summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant, a "scintilla of evidence" is insufficient. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2515 (1986).

Although Plaintiff alleges facts that might constitute an intentional tort as defined in the Worker's Disability Compensation Act, CAT-Detroit's motion for summary judgment which is supported by an affidavit denies that Crenshaw's injury was the result of an "intentional tort." CAT-Detroit provides the affidavit of James Adkins, who attests that:

> No other employee of Caliber Auto Transfer of Detroit, Inc. has been previously injured while riding on the platform on the back of an Econoline Van used to shuttle employees.
>
> No employee of Caliber Auto Transfer of Detroit, Inc. has ever complained to a manager or supervisor that riding on the platform was dangerous or that the employee did not want to be transferred that way.
>
> There is no record of a Caliber Auto Transfer of Detroit, Inc. employee stating to any governmental official that the platforms on the back of the Econoline vans created a dangerous condition prior to this accident.

*See* Mot. Ex. A ¶¶ 5, 6 & 8. Plaintiff has submitted no documents to refute these claims by CAT-Detroit and in fact has not even responded to CAT-Detroit's motion, which was filed on August 14, 2006.

Based on the record, this Court is satisfied that Crenshaw's injury and resulting death were not a result of an "intentional tort" as defined by the Worker's Disability Compensation Act. Plaintiff has presented no evidence which would permit this Court to conclude that Crenshaw's employer "intended to injure" him, i.e., that the employer had "actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." MICH. COMP. LAWS ANN. § 418.121(1). Therefore, the Court shall grant

CAT-Detroit's motion for summary judgment with respect to Count III.

    An Order consistent with this Opinion shall issue.

                                                            s/PATRICK J. DUGGAN
                                                            UNITED STATES DISTRICT JUDGE

Copies to:
Barry Keller, Esq.
Johnny Hawkins, Esq.
Mark R. Johnson, Esq.
Kenneth Newa, Esq.
Edward Higgins, Esq.